# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Ernest Ray Arnold, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| vs. § | **Civil Action No.** _____ |
| § | |
| Remington Arms Company, LLC, § | |
| § | |
| *Defendant.* § | |

## PLAINTIFF'S COMPLAINT

**To the Honorable United States Judge of Said Court:**

COMES NOW, Ernest Ray Arnold (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and respectfully files this Complaint against Remington Arms Company, LLC (hereinafter referred to as "Defendant" or "Remington"), and in support hereof would state and show the following:

### I. Parties

1. Plaintiff Ernest Ray Arnold resides in and is a citizen of Emory, Rains County, Texas, which is in the Eastern District of Texas, Tyler Division.

2. Defendant Remington Arms Company, LLC is a Delaware corporation with its headquarters/principal place of business, in Madison, N.C. Service of process upon this Defendant may be had by serving its registered agent for service, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## II. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

4. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

5. On or about November 24, 2015, Ernest Ray Arnold was on a hunting trip with friends. While getting in a vehicle with friend J.R. Hudson of Gun Barrel City, Texas, he grabbed a Remington 700 rifle (serial number RR09282F), owned by Mr. Hudson, which had the bolt up, and which was pointed down. While moving the rifle to the other side of the vehicle, the rifle suddenly and unexpectedly went off.

6. Ernest Ray Arnold was seriously injured due to the defective rifle, and he has lost his lower right leg below the knee.

## IV. Cause(s) of Action as to Defendant

7. It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its rifles, such as occurred herein, would on occasion take place during the normal and ordinary use of said rifle.

8. The injuries complained of occurred because the rifle in question was not reasonably fit for unintended, but clearly foreseeable, incidents. The rifle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

9. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said rifle in question.

10. Defendant, although it may not have actually designed, manufactured, marketed, distributed, assembled, and/or tested the subject rifle, has assumed all liabilities for claims with respect to the rifle in question.

11. Defendant either knew or should have known of at least one safer alternative design which would have prevented the incident and/or the injuries complained of herein.

12. In addition to the foregoing, Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said rifle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the rifle was unreasonably dangerous as designed, manufactured, marketed, distributed, assembled, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

   a. The rifle is capable of firing without pulling the trigger;
   b. If the bolt is up, and the bolt gets tapped, when the bolt goes down it will fire the rifle;
   c. The rifle failed to provide adequate safety;
   d. The rifle was not properly tested; and/or
   e. The rifle was not subjected to a proper engineering analysis.

13. Additionally, in designing a product, such as the rifle at issue, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

14. Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

15. If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

16. If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

17. Product manufacturers have known this for decades, and they also know that they have to consider foreseeable use and misuse when they design products.

18. Furthermore, engineers have to hold paramount the health, safety, and welfare of the public and consumers, and they must be knowledgeable about the exposure of the types of incidents and injuries that are occurring with their products out in the real world.

19. A company that does not conduct a proper engineering analysis that would help it to identify potential risk, hazards, and/or dangers that could seriously injure someone is negligent. Furthermore, it is important to test products properly before they are sold to the public. Not doing so constitutes negligence.

20. The lack of engineering analysis and poor decisions about reasonably foreseeable incidents such as occurred in this instance led to a defective product being introduced into the stream of commerce.

21. Defendant owed a duty to Plaintiff to perform a proper engineering analysis and to properly test its rifles. Defendant breached said duty and Plaintiff's injuries were proximately caused by said breach.

22.  Defendant was also negligent in the design, manufacture, marketing, distribution, assembly, and/or testing of the product in question.

23.  The foregoing acts and/or omissions of Defendant were a producing, direct, and/or proximate cause of the injuries complained of herein and of Plaintiff's damages.

24.  At this point, Defendant is in possession of all the technical materials and other documents regarding the design, manufacture, and testing (if any) of the rifle in question. Defendant is also in possession of what, if any, engineering analysis and testing it performed.

25.  However, it is expected that after all of these materials are produced in discovery and after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

## V. Damages

26.  As a result of the acts and/or omissions of Defendant, Plaintiff Ernest Ray Arnold has endured pain and suffering, extreme emotional distress, mental anguish, impairment, and disfigurement, loss of consortium and interference with his daily activities and a reduced capacity to enjoy life as a result of his injuries.

27.  As a result of the acts and/or omissions of Defendant, Plaintiff has become obligated to pay extensive medical expenses.

28.  As a result of the acts and/or omissions of Defendant, Plaintiff has suffered a diminished earning capacity as a result of his injuries.

29. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiff, have caused actual damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. Conclusion and Prayer

30. For the reasons presented herein, Plaintiff prays that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against the Defendant for:

    a. actual damages;
    b. economic and non-economic damages;
    c. prejudgment and post-judgment interest at the maximum legal rate provided by law;
    d. costs of suit; and
    e. all other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

**The TRACY firm**

　/s E. Todd Tracy
E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
EToddTracy@riflesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@riflesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@riflesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiff**